UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEVIN WALKING EAGLE, ) | CASE NO. 4:15 CV 864 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| RALPH HANSON, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On May 1, 2015, Petitioner *pro se* Kevin Walking Eagle, an inmate at the Federal Correctional Institution at Elkton, filed the above-captioned *in forma pauperis* Habeas Corpus action under 28 U.S.C. § 2241. Petitioner challenges his 2010 conviction and the sentence imposed on him in the United States District Court for the District of South Dakota, asserting he is "actually innocent" of Engaging in a Continuing Criminal Enterprise, the offense to which he pled Guilty. For the reasons stated below, the Petition is denied and this action is dismissed.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas corpus proceeding brought under § 2241 is the proper mechanism for a prisoner to challenge the execution of his sentence or the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also, United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). However, when a federal prisoner seeks to challenge his conviction or the imposition of his sentence, on grounds

that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles*, 180 F.3d at 755–56. Section 2255 provides a safety valve whereby federal prisoners may bring such a § 2241 claim if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. The Sixth Circuit explained in *Charles* that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id*. at 756–58. Ultimately, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See id*. at 758.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also, Martin v. Perez*, 319 F.3d

799, 804 (6th Cir.2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150–151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

In the past, prisoners who have obtained review of such claims under the savings clause did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). In this case, Petitioner has, in fact, already filed an unsuccessful Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. *See, Walking Eagle v. U.S.*, 742 F.3d 1079 (8th Cir. 2014) (affirming denial of 2255 relief)..

Nor has Petitioner set forth a colorable actual innocence claim. Indeed, he *pleaded guilty*. Moreover, he does not cite a retroactive Supreme Court decision announced since his conviction that establishes his innocence. Finally, because he seeks to rely on newly discovered evidence, his remedy would be to file a second 2255 motion, 28 U.S.C. § 2244(b)(2)(B), after obtaining leave from the appropriate court of appeals to do so. 28 U.S.C. § 2244(b)(3).

Accordingly, the Motion to Proceed In Forma Pauperis is granted, the Petition is denied, and this action is **dismissed** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
DATED: August 3, 2015              UNITED STATES DISTRICT JUDGE